IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELO LEWIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-cv-928-DWD |
| | ) |
| ERIC WILLIAMS,[1] | ) |
| | ) |
| Respondent. | ) |
| | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Petitioner Angelo Lewis, an inmate who is incarcerated at Greenville Federal Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He is currently serving a 180-month term of imprisonment for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) and was sentenced in December 2018 as an armed career offender. Petitioner argues that his enhanced sentence is based on him being designated an armed career offender erroneously since his Illinois convictions do not qualify as a prior felony drug offense or a controlled substance offense under the sentencing guidelines. In support of his argument, he cites a recent Seventh Circuit decision which found Illinois cocaine convictions were not categorically the same as federal controlled substance offenses. *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020).

This case is before the Court for preliminary review of the petition pursuant to Rule 4 of the FEDERAL RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES

---

[1] The Clerk of Court shall correct Respondent's name to Eric Williams on the docket sheet.

DISTRICT COURTS. Rule 4 directs the judge who receives a petition to promptly examine it, and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner can challenge his federal conviction or sentence under Section 2241 only in very limited circumstances. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." In order to fit within the savings clause, a petitioner must meet the requirements first set out in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). It is not plainly apparent that Lewis is not entitled to habeas relief, and, without commenting on the merits of the claims presented, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the FEDERAL RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.[2]

## CONCLUSION

Eric Williams is the Warden at Greenville Federal Correctional Institution. The Clerk of Court is **DIRECTED** to correct Respondent to Eric Williams to include his full first name and remove title. Respondent Eric Williams is **ORDERED** to answer or

---

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

otherwise respond to the petition (Doc. 1) on or before March 15, 2021. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of Court and Respondent informed of any change in his address during the pendency of this action. Notification of any changes of address must be made in writing and within 7 days of any transfer or other change in address. Petitioner is **WARNED** that failure to provide notice may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED.**

Dated: February 12, 2021.

*/s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge